# Order

Michigan Supreme Court
Lansing, Michigan

March 23, 2012

143942 (10)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

IN RE:

HONORABLE SYLVIA A. JAMES                SC: 143942
22ND DISTRICT COURT                          JTC: Formal Complaint 88

BEFORE THE JUDICIAL TENURE COMMISSION

_____/

On order of the Court, the petition to extend time constraints is considered, and it is GRANTED in part. We ORDER that the Judicial Tenure Commission recommendation of action, if any, be submitted to this Court by June 15, 2012. See MCR 9.207(F) and 9.219(A). No further extensions will be granted.

MARKMAN, J. (*dissenting*).

For the reasons set forth in my previous dissent, *In re James*, 490 Mich 936, 939 (2011), I believe this Court clearly possesses the authority to suspend a judge without salary during an interim suspension, and I would have done so in this case and placed respondent's salary in escrow pending final resolution of the disciplinary proceedings of the Judicial Tenure Commission (JTC).

Respondent, the chief judge of the 22nd District Court in Inkster, is alleged to have misappropriated approximately $131,000 in public funds, including funds intended for the restitution of the victims of crime in Inkster. If she is not ultimately vindicated, continuing to pay her salary during her suspension will (a) diminish the likelihood that misappropriated funds will ever be recovered on behalf of the people of Inkster, (b) diminish the likelihood that adequate restitution will ever be afforded the victims of crime in Inkster for whom such funds were intended, and (c) diminish public regard for the integrity and effectiveness of the self-disciplinary processes of this judiciary.

Although under regular circumstances I would have no objection to allowing the JTC to extend the duration of its investigation beyond this Court's previously established

timetable, to do so while respondent continues to be suspended with pay merely exacerbates what I view as the problem with such a suspension — continuing to compensate a judge with public funds during an indefinite suspension *predicated upon* allegations of past misappropriation of public funds. Instead, as I have indicated, I would exercise our authority to hold respondent's salary in escrow until the allegations against her are resolved. Under the Court's new timetable, respondent will have been on administrative leave and interim suspension for a minimum of 16 months with salary by the time this matter is finally resolved. I respectfully, but strongly, dissent from the adoption of the extended timetable.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 23, 2012

_Corbin R. Davis_
Clerk

t0320